UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ryne Michael Seeto,<br><br>        Plaintiff<br><br>v.<br><br>Clark County Department of Family Services, et al.,<br><br>        Defendants | Case No. 2:25-cv-01478-CDS-EJY<br><br>**Order Discharging Show Cause Order and Dismissing Case Without Prejudice**<br><br>[ECF Nos. 4, 5, 8, 9] |

    Pro se plaintiff Ryne Michael Seeto brought this action against defendants Clark County Department of Family Services (DFS), DFS Director Frank Prado, in his individual and official capacity, DFS caseworker Dan Wilde, in his individual and official capacity, and Does 1–10 on behalf of himself and his minor child A.R.S. Compl., ECF No. 1 at 1, 3. This case revolves around ongoing state proceedings concerning alleged constitutional and legal violations that resulted in A.R.S., a six-month-old infant, being placed in the custody of DFS. *See id.* at 1–14.

    On August 18, 2025, I issued an order to show cause why Seeto's claims should not be dismissed pursuant to the *Younger* abstention doctrine. OTSC, ECF No. 9. Seeto filed a timely response on August 25, 2025. Resp., ECF No. 10. Therein, Seeto argues that the *Younger* abstention doctrine does not apply here, and even if it does, exceptional circumstances exist to that precludes its application. *See id.* For the reasons explained herein, this action is dismissed without prejudice for lack of jurisdiction and under abstention principles.

**I.        Discussion**

    As noted in the order to show cause, as a court of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, I must evaluate each case to determine if I can

properly exercise jurisdiction to preside over this action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act.).

Because this case involves ongoing state child-custody proceedings, the court must also consider whether the *Younger* abstention doctrine applies here. That doctrine "forbids federal courts from staying or enjoining pending state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) (citation modified) (quoting *Younger v. Harris*, 401 U.S. 37 (1971)). The Ninth Circuit has held that the *Younger* abstention doctrine applies when a plaintiff requests that a federal court intervene in ongoing state custody proceedings. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (holding that *Younger* abstention required dismissal of federal action because plaintiffs requested that federal court "vacat[e] . . . existing interlocutory [state court] orders" and issue "a federal injunction directing the future course of the state litigation"). For *Younger* abstention to apply, the state proceedings must (1) be ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992).

Here, *Younger* abstention applies because all three elements are met. First, the complaint relates to ongoing state proceedings involving the removal of the plaintiff's minor child and placing that child into the custody of the state. *See* ECF No. 1. Though this case raises constitutional issues, it ultimately centers on a child custody dispute *See Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). In response to the show-cause order, Seeto does not dispute that the state proceeding is ongoing; rather, he admits that the case remains "pending" and notes that he is seeking interlocutory relief from the Supreme Court of Nevada. ECF No. 10 at 1. Second, the case involves a child custody action, which have been determined to be quasi-criminal enforcement actions. *See Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967) (noting that federal courts have uniformly held that they should not adjudicate cases involving domestic relations,

including "the custody of minors and, a fortiori, rights of visitation" since *In re Burrus*, 136 U.S. 586, 593–94 (1890)); *Moore v. Sims*, 442 U.S. 415, 423 (1979) (holding that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court under the *Younger* doctrine); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (citing *Moore* as a type of quasi-criminal enforcement action subject to *Younger* abstention because it is a "state-initiated proceeding to gain custody of children allegedly abused by their parents"). Third, as demonstrated by Seeto's interlocutory appeal of the child custody proceedings, there is an adequate opportunity to litigate his federal constitutional claims in state court. *See, e.g., Sanders v. Dep't of Child. & Fam. Servs.*, 2014 U.S. Dist. LEXIS 41361, at *8 (C.D. Cal. Feb. 10, 2014) (concluding that "nothing prevents" a plaintiff from raising their federal claims regarding child dependency proceedings in California state court). A main premise of *Younger* is that constitutional defenses to the ongoing state court action may be raised in state court. *Younger*, 401 U.S. at 49. Thus, "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex Cnty.*, 457 U.S. at 431.

      Finally, based on the allegations, this case does not warrant an exemption from the *Younger* abstention doctrine. An exemption from *Younger* is warranted upon a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. Seeto asserts in the complaint, and in the response to the show cause order, that those bases are present in this case, thus exempting it from *Younger* abstention. However, none of the allegations suggest the sort of bad faith or acts that would prevent Seeto from vindicating his constitutional rights in state court. The state taking custody of a child after a custody hearing alone is not an extraordinary circumstance warranting exempting this case from the *Younger* doctrine. *See Hui Lian Ke v. Sandoval*, 2018 WL 1763339, at *2 n.1 (N.D. Cal. Apr. 12, 2018) (discussing *Cook v. Harding*, 879 F.3d 1035 (9th Cir. 2018), which supports the view that *Younger* abstention is appropriate when a federal plaintiff files an action that implicates an

ongoing state court state-initiated child custody case in which the state has taken children from their parents). Further, the allegations in the complaint do not demonstrate bad faith, harassment, or otherwise. *See, e.g., Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003) (indicating that bad faith could include "bias against Plaintiff" or "a harassing motive"); *Kramh v. Graham*, 461 F.2d 703 (9th Cir. 1972) (finding bad faith where city officials, after losing several criminal cases to plaintiff, launched a petition to raise attention to plaintiff to influence the community to convict him in the future); *Lewellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988) (ruling that the district court need not abstain when state prosecutors brought charges against an African American attorney in retaliation for his exercise of constitutional rights).

The complaint's requested injunctive and declaratory relief would interfere with the ongoing child-custody proceedings. Because "[t]his is not the proper business of the federal judiciary[,] . . . *Younger* abstention is appropriate . . . ." *H.C. ex rel. Gordon*, 203 F.3d at 613–14. Accordingly, the Court **denies** Seeto's ex parte motion for temporary restraining order (ECF No. 4), ex parte motion for a preliminary injunction (ECF No. 5), and dismisses this action without prejudice.

## II.    Conclusion

IT IS HEREBY ORDERED that because abstention under *Younger v. Harris* is appropriate here, this case is dismissed without prejudice.

IT IS FURTHER ORDERED that Seeto's ex parte motion for temporary restraining order **[ECF No. 4] is DENIED**. The Clerk of Court Office is directed to unseal this motion.

IT IS FURTHER ORDERED that Seeto's ex parte motion for preliminary injunction **[ECF No. 5] is DENIED**. The Clerk of Court is directed to unseal this motion.

IT IS FURTHER ORDERED that Seeto's motion for leave to file exhibits **[ECF No. 8] is DENIED as moot**. Further, because some of its exhibits contain the name of the minor child, in violation of the local rules,[1] the motion is also STRICKEN.

IT IS FURTHER ORDERED that the show-cause order **[ECF No. 9] is DISCHARGED**.

The Clerk of Court is kindly instructed to (1) detach the complaint from its exhibits and docket the complaint separately, (2) seal the original complaint and its exhibits (ECF No. 1) because there are multiple unredacted references to a minor child, and (3) close this case.

Dated: September 9, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Local Rule IC 6-1 requires the redaction of certain personal identifiers, including but not limited to the names of minor children.